## THE MISSOURI PACIFIC RAILWAY COMPANY, Respondent, v. CHICAGO GREAT WESTERN RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, February 2, 1903.

1. **Railroads: TRACK CROSSING: RIGHTS OF PARTIES: IN-STRUCTIONS.** In the absence of statute or agreement regulating the right of precedence, railroads, the tracks of which cross, have each the right to occupy and use its own track under the sole restriction that such use and occupation shall not interfere with the like rights of the other; and an instruction so announcing is approved, and one conflicting therewith is condemned.

2. ———: ———: ———: **TRAIN MOVEMENTS: NOTICE.** While section 1075, Revised Statutes 1899, is mainly intended for the benefit of persons doing business with the railways, yet as a matter of public policy every railroad corporation is required to take notice of the operation of every other company operating a railroad; and a railroad, the track of which crosses another's track, should take notice proximately of the passage of trains at such crossing, and take reasonable precaution to avoid a collision.

3. ———: ———: ———: **NEGLIGENCE.** That an engine should be left standing partly obstructing the crossing of two railroad tracks without precautionary warning to approaching trains on the other track is an act of negligence which would prevent recovery; but if the engineer of such approaching train could by the exercise of ordinary care avoid the collision and failed to do so, he was guilty of negligence which was the immediate and proximate cause of the collision.

Appeal from Jackson Circuit Court.—*Hon. James Gibson*, Judge.

AFFIRMED.

*Arthur F. Smith, Edward C. Wright* and *Frank Hagerman* for appellant.

(1)    The court below erred in granting a new trial on the grounds stated.    3 Elliott on Railroads, sec. 1133; Railroad v. Holmes, 3 Wash. Terr. 543; 18 Pac. 76;

Continental Co. v. Stead, 95 U. S. 161; Railroad v. Electric, 60 N. J. L. 52; Watson v. Railway, 53 Minn. 551; Railroad v. Hatch, 79 Ill. 137; Haas v. Grand Rapids Co., 47 Mich. 401; Railroad v. Cody, 166 U. S. 606; Railroad v. Storewell, 126 Ind. 35; Karle v. Railroad, 55 Mo. 476; Hicks v. Railroad, 64 Mo. 430; Harlan v. Railroad, 65 Mo. 22; Frick v. Railroad, 75 Mo. 595; Welsch v. Railroad, 72 Mo. 451; Swearengen v. Orne, 8 Mo. 707; Homuth v. Railway, 129 Mo. 629; Whitehead v. Atchison, 136 Mo. 485; Bartley v. Railway, 148 Mo. 124; Martin v. Block, 24 Mo. App. 60; McCollough v. Insurance Co., 113 Mo. 606; Powell v. Railroad, 59 Mo. App. 335; Administrator v. Railroad, 99 Va. 804; Tyree v. Harrison, 42 S. E. 295.

*Elijah Robinson* for respondent.

(1) If for any of the reasons assigned in the motion for new trial the verdict should have been set aside, this court will affirm the ruling of the trial court. Ittner v. Hughes, 133 Mo. 679; Hewitt v. Steele, 118 Mo. 463; Bank v. Armstrong, 92 Mo. 265; State ex rel. v. Adams, 84 Mo. 310; Powell v. Railway, 59 Mo. 335; Lovell v. Davis, 52 Mo. App. 342. (2) The trial court has a large discretion in granting a new trial where it is alleged that the verdict is against the weight of the evidence, and this court will not interfere with the action of the trial court in setting aside a verdict unless it clearly appears that its discretion has been arbitrarily and unreasonably exercised. Bemis Co. v. Com. Co., 74 Mo. App. 627; Chouquette v. Railway, 152 Mo. App. 257; Wright v. Railway, 20 Mo. App. 481; Reid v. Ins. Co., 58 Mo. 421; Lionberger v. Pohlman, 16 Mo. App. 392; Bank v. Armstrong, 92 Mo. 265; State v. Young, 110 Mo. 495; Hull v. Railway, 60 Mo. App. 539; McKay v. Underwood, 47 Mo. 185; Lawson v. Mills, 130 Mo. 170; Dean v. Fire Assn., 65 Mo. App. 209; Lockwood v. Ins. Co., 47 Mo. 50; McCullough v. Ins. Co., 113 Mo.

606; Taylor v. Railroad, 163 Mo. 183; Taliaferro v. Evans, 160 Mo. 380.   (3)   Defendant's instruction No. 3 was erroneous, and for that reason the verdict should have been set aside.

BROADDUS, J.—The plaintiff's cause of action is substantially as follows: That on the 30th day of December, 1899, an engineer of defendant in charge of its passenger locomotives, and while hauling one of its passenger trains, negligently ran said engine into and against one of plaintiff's engines, thereby greatly damaging the same; that said injury was inflicted within the corporate limits of Kansas City, Missouri, at a point where one of plaintiff's tracks crosses the track of what is known as the Kansas City Belt Railway Company, then being used by the defendant. The act of negligence is charged as follows, viz.:   "That defendant's said engineer, in charge of its said engine, which struck and injured plaintiff's engine as aforesaid, should have stopped said engine before reaching said crossing, as by custom, common prudence and law he was required to do, but he negligently and carelessly failed to do so; that as he approached said crossing where said accident occurred, and at the time of said accident, he was running defendant's said engine at a rapid and reckless rate of speed, that is, at a speed of not less than fifteen miles an hour, which rate of speed was, under the circumstances and surroundings, negligent and dangerous, and was also in violation of an ordinance then in force in said city of Kansas City." Plaintiff then sets out said ordinance, after which it further alleges:   "And that said engineer in charge of defendant's said engine either saw plaintiff's said engine at said crossing in time to have stopped defendant's engine and thereby avoided said accident, or negligently failed to look ahead of him, as he should have done, but which of the two is true, plaintiff is unable to state."

The defendant's answer was a general denial, and

other allegations constituting negligence on the part of the plaintiff which contributed to the collision, substantially as follows:   That plaintiff at the time of the alleged collision was obstructing a street of said city in violation of a certain ordinance thereof; that plaintiff's servants at the time knew that defendant's train was due at the point where the collision occurred, or by the exercise of ordinary care might have so known, but negligently failed to exercise their knowledge of the said fact or the means of ascertaining it, which omission upon their part was the cause of said accident; and that plaintiff negligently failed to prescribe rules for the use of its track crossing that of the defendant for its own protection, which omission of duty directly contributed to its injury.

The finding was for the defendant which the court, on motion, set aside; from which action of the court in setting aside said finding defendant appealed.

On the trial the accompanying crude diagram was used which may, to some extent help to an understanding of the case:

"Exhibit A"

North Mo. River

Mo. P.

Sub Belt

UnionEle

FSa m.

Santa Fa St.

From the diagram and other evidence it appears that in the vicinity of the accident the plaintiff's track and that of the Belt Line are nearly parallel, running north and south, the track of the latter being south of the former; that a short distance south of the Belt Line track is situated the Union elevator; that the plaintiff at the time in question had a switch track running from its said parallel track from a point almost due north of, and south to said elevator, passing in its course over said Belt Line track; that at the time of the occurrence it had backed a train of its cars from its parallel line over said switch track to said elevator; and that its train was of such length that it could not all be placed entirely south of the Belt Line track, but when it became stationary the front part of the engine reached over at least a part of the latter's track and was in this position when it was struck by the defendant's engine attached to its passenger cars going backward east at a rate of speed of about fifteen miles or more an hour. It appeared that the Belt Line track from the point where it crossed plaintiff's switch track was almost straight for a distance of six hundred feet west, but that cars obstructed the view of plaintiff's engineer except for a short distance; and that beyond this distance plaintiff's engineer saw the smoke from defendant's engine and whistled a warning and that it came within the six hundred feet distance and gave another warning and later another. Defendant's engineer, however, states that he did not see plaintiff's engine until it was too late to stop his, although he made an effort to do so when he discovered it on the crossing. There was what is known as a semaphore placed near the scene of the accident on said line which is used to denote when its track was clear or otherwise. When the arm on this structure stands horizontally on the upright on which it is placed it indicates that the track is not clear, and when it is depressed it indicates the contrary; but it appeared that the usual signs placed indicating the crossings of railroads were not up

at the crossing under consideration. The evidence showed that the plaintiff used the track to the elevator mentioned from one to five times each day. The ordinances pleaded by the respective parties were not in evidence. The time plaintiff's engine was in the position named before it was struck by that of defendant's was not exceeding five minutes. The defendant's excuse for the rapid rate of speed of its train was for the purpose of getting headway in order to overcome a steep grade on the track as it approached Walnut street further on. The defendant's engineer paid no attention to the semaphore in question because it was on the wrong side of the track to indicate anything whatever to a train going east. It appears that the water tank which was in front of him, his engine going backward, somewhat obscured his view. And said engineer testified that it was not his custom in passing the crossing to take any notice of it whatever. It was further shown that plaintiff placed no one in a position to observe approaching trains on the Belt Line track nor that the latter was given any notice that plaintiff's engine was partly obstructing the track. There was no evidence tending to show that plaintiff's employees in charge of its train knew the time when defendant's train was due, nor was evidence introduced specially tending to show that by the exercise of ordinary care they could have so known.

The court granted a new trial on two grounds, viz.: First, because instruction number three given in behalf of defendant was in conflict with instruction number one given for plaintiff; second, because the verdict of the jury was against the weight of evidence.

Plaintiff's instruction number one is as follows: "The court instructs the jury that so far as is shown by the evidence in this case the plaintiff had as much right to use the crossing in question for the work necessary in the transaction of its business as defendant had to use

the same for the work necessary in the transaction of its business.''

Defendant's third instruction held by the court to be in conflict with said first instruction is as follows: ''If you believe from the evidence that the plaintiff or its servants knew, or by the exercise of ordinary care might have known, the defendant's train was due to cross said switch at or about the time when they were using the same, and that defendant was accustomed to run its trains over said crossing at a greater rate of speed than six miles an hour, and not stop for said crossing, then it was the duty of defendant not to have its engines or cars on said crossing at that time, or to notify defendant that they were there in time to avoid a collision.''

But it is contended by the defendant that said first instruction does not embody a correct conclusion of law, for the reason that as defendant's train was a passenger train it had precedence over that of plaintiff's switch train. 3 Elliott on Railroads, sec. 1133, is to the effect that matters of precedence in such cases are generally regulated by statute or by agreement between companies whose tracks cross each other. And we take this to be the true rule. Our attention has not been attracted to any statute in this State regulating the matter, and there was no evidence of any agreement as to the right of precedence at said crossing. In the absence of any statute or agreement regulating the right of precedence, we can not conceive of any good reason why the rights of plaintiff can be made subservient to that of defendant. Each has the right to the occupation and use of its own track, under the sole restriction that such use and occupation shall not interfere with a similar use and occupation by the other. These are property rights of equal importance.

We agree with the trial court that said third instruction of defendant is in conflict with said first instruction, and should not have been given, because it

made it the duty of plaintiff, if its employees knew of about the time that defendant's train would arrive, not to then have its train on said crossing. This was in effect telling the jury that the rights of the plaintiff to the use of said crossing were subservient to those of the defendant. While it may have been negligence in the plaintiff to have been occupying the crossing under the circumstances, this was a question for the jury; but it was a question, the determination of which should not have been influenced in the least by any priority of right of defendant. And as the case will have to be retried, it may be well to call attention to that part of the instruction imposing the duty on plaintiff to know or ascertain approximately the time when defendant's train should have arrived at said crossing. Section 1075, Revised Statutes 1899, requires all railroads in the State engaged in the transportation of passengers or property to give public notice of the time of starting, running and arrival of its cars. And while this statute was mainly intended for the benefit of persons doing business with or taking passage on railroads, it requires public notoriety, and as a matter of public policy for the safety of person and property, every railroad corporation should be required to take notice of the operation of every other corporation operating a railroad. Such being the case, the place in controversy not being a great distance from defendant's station, the arriving and starting place for its trains, the plaintiff ought to be held to a knowledge, approximately, of the time when defendant's train should have arrived at said crossing and to have taken such reasonable precaution to have avoided a collision as the circumstances required.

Defendant, however, contends that plaintiff was not entitled to recover under the proof in the case and, therefore, an error of instruction could work no harm. This contention is based upon the theory that it was plaintiff's negligence that directly contributed to the collision. It is true that the act of the plaintiff in oc-

cupying the crossing without taking the precaution of warning any approaching train on the defendant's railroad of its dangerous situation, was an act of negligence which would prevent a right of recovery; yet if the defendant's servants saw, or might have seen, by the exercise of ordinary care, the situation of plaintiff's train in time to have avoided the collision, and failed to use such care to prevent such collision, it was guilty of negligence also which was the immediate and proximate cause of the injury to plaintiff's train. We will not incumber this decision with references to the innumerable cases in the reports of the State for authority for the foregoing view.

As the case is to be retried, we express no opinion as to the propriety of the court in granting a new trial on the ground that the verdict was against the weight of evidence.

For the reasons given the cause is affirmed. All concur.